# IN THE COURT OF APPEALS OF IOWA

No. 22-0769
Filed May 10, 2023

**ROGER CRAIG KISSEL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Fremont County, Greg W. Steensland, Judge.

Roger Kissel appeals the denial of his application for postconviction relief. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

Roger Kissel was convicted of one count of second-degree sexual abuse and two counts of lascivious acts with a child. The court of appeals affirmed his judgment and sentence. *See generally State v. Kissel*, No. 16-0887, 2017 WL 6032585 (Iowa Ct. App. Nov. 22, 2017). Kissel filed a postconviction-relief application. The district court denied the application following an evidentiary hearing.

On appeal, Kissel argues his trial attorney was ineffective in failing to (1) "properly investigate [his] medical condition"; (2) "properly interview witnesses"; and (3) show him "[a] full and complete video" of the child's forensic interview.

Kissel had to establish deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We will focus on the prejudice prong. To prove prejudice, an applicant "must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018) (quoting *Strickland*, 466 U.S. at 694). An applicant cannot satisfy this standard where there is overwhelming evidence of guilt. *See State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019).

The child testified at trial and provided a detailed description of the sex abuse. In addition, a video of her forensic interview was played for the jury. During the interview, the child demonstrated the position she was in when Kissel committed some of the abuse. She also drew a picture identifying the location of Kissel's "private." That evidence amounted to overwhelming evidence of guilt,

rendering it reasonably improbable that counsel's claimed failures would have changed the outcome. Beyond that general summation, Kissel faced specific hurdles with each of his ineffective-assistance claims.

Kissel asserts that had his medical records been admitted, they would have shown him incapable of "bend[ing] at the waist" and, for that reason, incapable of committing the crimes. Those records, offered at the postconviction hearing, made scant if any reference to Kissel's claimed inability to "bend at the waist." And, in a video Kissel also offered at the postconviction hearing, he admitted he could bend at the waist while seated. There is no reasonable probability that his proposed evidence would have changed the outcome.

As for counsel's failure to interview a witness in advance of trial, that witness was initially excluded at the State's behest but was later allowed to testify for the limited purpose of advancing the defense theory that others were present in the home when the abuse occurred. That she did, but her testimony was undermined by the child and by Kissel himself. The child testified that the other adult occupants of the house were all at work when Kissel abused her. Kissel testified otherwise, but the State impeached him with his prior statement that, "[d]uring the summer there were times when [he] was alone with [the child] at home." There is no reasonable probability that the outcome would have changed but for counsel's failure to interview the witness.

Finally, Kissel contends counsel failed to show him a "full and complete" video of the child's forensic interview prior to trial. But he was present at trial when the full and complete video was shown to the jury. The viewing took place well

before he testified. Because he had the time and opportunity to formulate a response, there is no reasonable probability the outcome would have changed.

We affirm the district court's denial of Kissel's postconviction-relief application.

**AFFIRMED.**